

FILED
MAY 20 2021
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**LEONARD PAUL MARSHALL,**

    Petitioner,

    v.

**UNITED STATES OF AMERICA,**

    Respondent.

CRIMINAL ACTION NO. 2:01-cr-39

## *MEMORANDUM OPINION AND ORDER*

Before the Court is Petitioner Leonard Paul Marshall's ("Petitioner") Motion for Compassionate Release. ECF Nos. 106 and 113. For the reasons stated below, Petitioner's Motion is **GRANTED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On May 30, 2001, a jury convicted Petitioner of Count One of the Criminal Indictment, charging Petitioner with conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(i). The Court entered its judgment on September 28, 2001, sentencing Petitioner to a three-hundred and sixty (360) month term of imprisonment, with ten (10) years of supervised release.

To date, Petitioner has served approximately 20 years of his 30-year sentence, which equates to roughly 67%. ECF No. 113 at 1. On August 28, 2020, Petitioner requested compassionate release from the Bureau of Prisons (the "BOP") due to the ongoing pandemic caused by COVID-19. *Id.* at 4. Thirty days have since passed and Petitioner did not receive a response from the BOP. *Id.*

1

On March 2, 2021, Petitioner filed a *pro se* Motion for Compassionate Release based upon the ongoing COVID-19 pandemic. ECF No. 106. On March 3, 2021, the Court appointed counsel on behalf of Petitioner and instructed counsel, and the Government, to respond. ECF No. 107. Petitioner, through counsel, responded to the Court's Order on April 30, 2021 by supplementing Petitioner's letter motion. ECF No. 113. Petitioner also filed a copy of his medical records, indicating that Petitioner is obese, has stage 2 chronic kidney disease, hyperlipidemia, and several additional ailments placing him at increased risk of severe illness should he contract COVID-19. ECF No. 115. Though ordered by the Court to do so, the Government failed to respond. This matter is now ripe for disposition.

## II. LEGAL STANDARD

### A. The Exhaustion Requirement

A district court may modify a petitioner's sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release is generally required to exhaust his or her administrative remedies prior to bringing a motion before the district court. *Id.* Courts may, however, waive the exhaustion requirement under exigent circumstances. *Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020) (discussing the reasons "judicial waiver of the exhaustion requirement is permissible in light of the extraordinary threat certain inmates face from COVID-19").

### B. The Compassionate Release Standard

As amended by the FIRST STEP Act, a court may modify a term of imprisonment on the motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if

"extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reasons" was previously defined by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. §1B1.13, Application Note 1. Before the passage of the FIRST STEP Act, the Sentencing Commission provided that a sentence may be modified in light of the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. U.S.S.G. §1B1.13, n. 1 (A)–(C). The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the BOP before an individual could petition the district court for relief. *Id.*

However, U.S.S.G. §1B1.13 is now outdated following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the Bureau of Prisons. As such, U.S.S.G. §1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *McCoy v. United States*, 981 F.3d 271 (4th Cir. 2020). In assessing various factors for release, however, a petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). Instead, the Court may consider a combination of factors, including — but not limited to — those listed in U.S.S.G. §1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i).

## III. DISCUSSION

### A. The Exhaustion Issue

The Court finds that Petitioner submitted a request for compassionate release to the BOP on August 28, 2020. ECF No. 113-1. Petitioner did not receive a response. ECF No. 113 at 4. Accordingly, Petitioner has satisfied the exhaustion requirements within § 3582(c)(1)(A). Furthermore, this Court has previously held that the exhaustion requirement within § 3582(c)(1)(A) may be waived in the midst of the COVID-19 pandemic. *See supra* Part II.A; *Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020). Therefore, although the Court could waive the exhaustion requirement based upon the ongoing threat that COVID-19 imposes, waiver is not necessary since Petitioner meets the requisite exhaustion requirements.

### B. Resolution of Defendant's Request for Compassionate Release

In its consideration of the factors listed in 18 U.S.C. § 3553(a), the Court notes that Petitioner was convicted for his conduct in furtherance of a conspiracy to distribute and possess with intent to distribute heroin. Upon review of the Presentence Investigation Report, Petitioner was a leader in the conspiracy and obtained large quantities of heroin for distribution to various lieutenants and street level dealers. ECF No. 108 at 5. Petitioner was involved in this conspiracy from the summer of 1996 through his arrest in March 2001 and he is attributed with 20.12705 kilograms of heroin. *Id.* at 14.

To date, Petitioner has served just over 20 years (240 months) of his 30-year sentence. At the time of Petitioner's sentencing, the sentencing guidelines were not yet advisory, requiring the Court to impose a mandatory 360-month sentence. Throughout this period of incarceration, Petitioner maintained consistent employment, completed numerous educational courses and

trainings, and has very few disciplinary infractions. ECF No. 113-6. Additionally, after reviewing several support letters from community leaders and various members of Petitioner's family, the Court finds that Petitioner has strong, positive ties to the community. ECF No. 113-5.

In evaluating whether an "extraordinary and compelling reason" for a sentence reduction has been established, the Court considers the severity of the ongoing COVID-19 outbreak in federal prisons. *See e.g. Wilson v. Williams*, 2020 WL 2542131, at *1–2 (N.D. Ohio May 19, 2020) (documenting the BOP's ineffective efforts to curtail the spread of the virus within FCI Elkton). Specific to each petitioner, the Court examines the Centers for Disease Control's list of risk factors for severe COVID-19 complications when assessing compassionate release motions. *See United States v. Lewellen*, 2020 WL 2615762, at *4 (N.D. Ill. May 22, 2020). Here, Petitioner offers his obesity, hyperlipidemia (high cholesterol), and chronic kidney disease as underlying conditions that may exacerbate a potential COVID-19 infection. ECF No. 113.

Upon review, Petitioner is particularly vulnerable to COVID-19. According to his medical records, Petitioner suffers from stage 2 chronic kidney disease. ECF No. 115. The CDC lists chronic kidney disease as a condition that "can make you more likely to get severely ill from COVID-19."[1] Additionally, the records indicate that Petitioner has a BMI of 30.1, making him clinically obese. ECF No. 113 at 8. According to the CDC, "[t]he risk of severe COVID-19 illness increases sharply with elevated BMI."[2] Petitioner's medical records further demonstrate that Petitioner suffers from high cholesterol, severe hearing loss, and other ongoing ailments.

---

[1] *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION (May 13, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.
[2] *Id.*

Throughout the COVID-19 pandemic, federal courts across the country have held that compassionate release is justified under circumstances similar to that of Petitioner. *United States v. Woodard*, 2020 WL 3528413 at *3 (E.D. Va. Jun. 26, 2020) ("Because Petitioner is extremely vulnerable to COVID-19, retaining him in prison... at the risk of increasing his exposure to a fatal viral infection does not serve the § 3553(a) factors and implicates an extraordinary and compelling reason for release."); *United States v. Zukerman*, 2020 WL 1659880, at *6 (S.D.N.Y. Apr. 3, 2020) (granting compassionate release because "[w]hen the Court sentenced Zukerman, the Court did not intend for that sentence to include incurring a great and unforeseen risk of severe illness or death brought on by a global pandemic (internal quotation marks and citation omitted)); *United States v. Colvin*, 2020 WL 1613943, *4 (D. Conn. Apr. 2, 2020) (finding extraordinary and compelling reasons where defendant has "diabetes, a serious medical condition which substantially increases her risk of severe illness if she contracts COVID-19" (internal quotation marks, citation, and alteration omitted)); *United States v. Rodriguez*, 2020 WL 1627331, at *8 (E.D. Pa. Apr. 1, 2020) ("In the absence of a deadly pandemic that is deadlier to those with Mr. Rodriguez's underlying conditions, these conditions would not constitute 'extraordinary and compelling reasons.' It is the confluence of COVID-19 and Mr. Rodriguez's health conditions that makes this circumstance extraordinary and compelling." (citations omitted)); *see also United States v. Jepsen*, 2020 WL 1640232 (D. Conn. Apr. 1, 2020); *United States v. Gonzalez*, 2020 WL 1536155 (E.D. Wash. Mar. 31, 2020); *United States v. Muniz*, 2020 WL 1540325 (S.D. Tex. Mar. 30, 2020); *United States v. Campagna*, 2020 WL 1489829 (S.D.N.Y. Mar. 27, 2020).

While Petitioner's conduct and criminal history remain unchanged, he is under extreme threat from a virus that may be fatal should he contract it. Although Petitioner's original sentence was lawfully imposed in accordance with the § 3553(a) factors, serious illness and the potential

for an accelerated death was decidedly *not* among the reasons for it. *See Zukerman*, 2020 WL 1659880, at *6 *citing Rodriguez*, 2020 WL 1627331, at * 12 ("the Court did not intend for that sentence to include incurring a great and unforeseen risk of severe illness or death brought on by a global pandemic"). Because Petitioner is vulnerable to COVID-19, retaining him in prison simply to serve a higher percentage of his sentence at the risk of increasing his exposure to a fatal viral infection does *not* serve the § 3553(a) factors and implicates an extraordinary and compelling reason for release.

Accordingly, after 20 years of incarceration, the Court believes Petitioner's conduct may be adequately addressed with a sentence of time served. This will diminish his risk of infection under BOP custody without overlooking the serious nature of the offense at issue. *See* 18 U.S.C. § 3553(a)(2)(A)–(C). Under the circumstances, this penalty is sufficient but not greater than necessary for an individual with diminishing physical health.

The Court finds that Petitioner's underlying health conditions, in the wake of an ongoing COVID-19 pandemic, present an extraordinary and compelling reason for relief from Petitioner's original sentence.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion is **GRANTED**.

Petitioner's sentence is reduced to **TIME SERVED**. The Bureau of Prisons **MAY** place Petitioner in quarantine and **SHALL** release Petitioner within fourteen (14) days of the date of this Order. Upon release, Petitioner **SHALL** begin the period of supervision previously imposed by the Court.

The Clerk is **DIRECTED** to provide a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED**.

Norfolk, Virginia
May 20, 2021

Raymond A. Jackson
United States District Judge

8